**NOT FOR PUBLICATION**

```
           UNITED STATES DISTRICT COURT
              DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| WILFRED ROBINSON, | : | |
| | : | Civil Action No. 12-3321 (FSH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MR. PAUL K. LAGANA, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES**:

Petitioner pro se
Wilfred Robinson
Northern State Prison
Trenton, NJ  08625

**HOCHBERG**, District Judge

   Petitioner Wilfred Robinson, a prisoner currently confined at Northern State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondents are administrator Paul K. Lagana and the Attorney General of New Jersey.

   Petitioner has applied for leave to proceed in forma pauperis.  Based upon Petitioner's affidavit of indigence and certified institutional account statements, this Court will grant Petitioner leave to proceed in forma pauperis.

   For the reasons stated herein, Petitioner will be ordered to show cause why the Petition should not be dismissed as untimely.

I.  BACKGROUND

The following factual and procedural allegations are taken from the Petition and its attachments, and are accepted as true for purposes of this Opinion and the accompanying Order.

On October 22, 1999, Petitioner was sentenced in the Superior Court of New Jersey, Law Division, Essex County, pursuant to a guilty plea on seven indictments and one accusation, charging him with several armed robberies and multiple related offenses.  The operative indictment for purposes of this Petition is Indictment No. 1339-3-98, which charged Petitioner with carjacking, in violation of N.J.S.A. 2C:15-2 (Count 1); robbery, in violation of N.J.S.A. 2C:15-1 (Count 2); unlawful possession of a weapon, in violation of N.J.S.A. 2C:39-5d (Count 3); and possession of a weapon for an unlawful purpose, in violation of N.J.S.A. 2C:39-4d (Count 4).  The court dismissed Count 3 and sentenced Petitioner to a term of 25 years' imprisonment for the carjacking, with an 85% parole ineligibility term under New Jersey's No Early Release Act, N.J.S.A. 2C:43-7.2. The court also sentenced Petitioner to a concurrent term of 20 years' imprisonment for the robbery (which was merged with the weapons count), also subject to an 85% parole ineligibility term.

Petitioner appealed the sentence only, which the Appellate Division of the Superior Court of New Jersey affirmed by order dated June 14, 2000.  State v. Robinson, No. A-2267-99, slip op.

(N.J. Super. App.Div. June 14, 2000). On January 24, 2001, the Supreme Court of New Jersey denied certification. See State v. Robinson, 167 N.J. 89 (2001) (table).

In September 2003, Petitioner filed his first state petition for post-conviction relief ("PCR"), which the trial court denied. See Robinson v. MacFarland, No. 06-5093, 2007 WL 4232948, *2 (D.N.J. Nov. 28, 2007). The Appellate Division affirmed the denial of relief, see State v. Robinson, No. A-1828-03 (N.J. Super. App.Div. Apr. 13, 2006), and the Supreme Court of New Jersey denied certification on June 23, 2006, see State v. Robinson, 187 N.J. 492 (2006).

On September 28, 2006, Petitioner executed his first federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court received on October 23, 2006. By Opinion and Order entered November 28, 2007, this Court dismissed the first § 2254 petition as time-barred and denied a certificate of appealability. Robinson v. MacFarland, Civil No. 06-5093, 2007 WL 4232948 (D.N.J. 2007). Petitioner's several motions for reconsideration were denied; Petitioner did not seek a certificate of appealability from the Court of Appeals.

On September 24, 2008, Petitioner filed his second state petition for post-conviction relief. Agreeing with Petitioner that no factual basis for the robbery conviction had been developed in 1999, the trial court vacated the conviction on the

Count 2 charge of robbery, but granted no other relief. The trial court found no need to disturb Petitioner's sentence, as it had sentenced Petitioner to a longer sentence -- 25 years -- on the carjacking count. Petitioner appealed. The Appellate Division found Petitioner's claims procedurally barred under New Jersey Court Rules 3:22-5 and 3:22-4, as they either were, or could have been, raised and decided on direct appeal and in the first petition for post-conviction relief. See State v. Robinson, 2011 WL 5922381 (N.J. Super. App.Div. Nov. 29, 2011). Additionally, the Appellate Division found Petitioner's second petition for post-conviction relief time-barred under the 5-year limitations period of New Jersey Court Rule 3:22-12(a). Finally, the Appellate Division denied, on the merits, Petitioner's claim that the 25-year sentence for carjacking was illegal. On May 15, 2012, the Supreme Court of New Jersey denied certification.

This second federal habeas Petition, dated May 20, 2012, followed.[1] Here, Petitioner asserts that his 25-year sentence is illegal. Petitioner argues that when the trial court granted relief with respect to the robbery conviction, it was required to reduce Petitioner's sentence as to the remaining counts, on the

---

[1] As noted above, this is Petitioner's second Petition for writ of habeas corpus with respect to the challenged convictions. Because Petitioner has previously received the notice required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), it is not necessary to send a new notice with respect to this second Petition.

theory that the trial court had used the robbery conviction to "enhance" the sentence on the carjacking conviction.  The Court construes this as an Eighth Amendment challenge to the length of Petitioner's sentence.[2]

Because it appears that this Petition is time-barred, Petitioner will be ordered to show cause why the Petition should not be dismissed.

## II.   ANALYSIS

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides that a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[3] which provides in pertinent part:

---

[2] Although Petitioner's language is inexact, the Court does not construe the Petition as asserting that Petitioner is "actually innocent" of carjacking in the absence of a contemporaneous robbery conviction.  In any event, that claim clearly would not merit relief.  In State v. Drury, 190 N.J. 197 (2007), the Supreme Court of New Jersey held that robbery and carjacking are separate offenses and that carjacking is not a form of robbery.

[3] The limitations period is applied on a claim-by-claim basis.  See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002).

>    (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Here, Petitioner knew the factual and legal basis for his claim on October 22, 1999, the date the trial court sentenced him for a crime, robbery, in the absence of a factual predicate for the conviction.  Thus, the timeliness of this Petition is determined by § 2244(d)(1)(A).

Accordingly, evaluation of the timeliness of this § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during

which any application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Here, as this Court has previously found, Petitioner's conviction became final on April 25, 2001, ninety days after the Supreme Court of New Jersey denied certification on direct review on January 24, 2001.  See Robinson v. MacFarland, 2007 WL 4232948 at *4.  Petitioner's first state petition for post-conviction relief, filed more than two years later in September 2003, did not act to statutorily toll the limitations period, as it was not filed until after the federal limitations period had expired. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004).[4] Certainly, the second state petition for post-conviction relief, filed September 24, 2008, more than seven years after the

---

[4] There was some evidence submitted in connection with Petitioner's first federal habeas petition that he may have filed his first state petition for post-conviction relief on July 15, 2002.  The result is the same in either scenario.

conviction became final, cannot act to statutorily toll the federal limitations period.[5]

The limitations period of § 2244(d) also is subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d

---

[5] In addition, the Appellate Division found that the second state petition for post-conviction relief was untimely under state law. Where a state court has rejected a petition for post-conviction relief as untimely, it was not "properly filed," and the petitioner is not entitled to statutory tolling under § 2244(d)(2). See Pace v. Diguglielmo, 544 U.S. 408 (2005). This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely. Carey v. Saffold, 536 U.S. 214, 225-26 (2002).

at 159. Here, Petitioner has alleged no facts that would suggest a basis for equitable tolling.

### III.   CONCLUSION

For the reasons set forth above, the Petition appears to be time-barred. Petitioner will be ordered to show cause why the Petition should not be dismissed. An appropriate order follows.

s/ Faith S. Hochberg<br>
Faith S. Hochberg<br>
United States District Judge

Dated: December 12, 2012